USCA1 Opinion

 

 October 28, 1996 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _______________ No. 95-1672 UNITED STATES, Appellee, v. ZAIDA GUTIERREZ, Defendant, Appellant. _____________________ ERRATA SHEET The opinion of this Court issued on October 9, 1996 is amended as follows: On page 2, line 15, change "form" to "from"  October 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1672 UNITED STATES, Appellee, v. ZAIDA GUTIERREZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. ______________________ ____________ Nogueras-Castro, Assistant Federal Public Defender, on brief for _______________ appellant. Guillermo Gil, United States Attorney, Jos A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, Edwin O. V zquez, Assistant United States ________________ Attorney, and Nelson P rez-Sosa, Assistant United States Attorney, on _________________ brief for appellee. ____________________ ____________________ Per Curiam. Defendant pled guilty and was sentenced to __________ a seventy-month term of imprisonment for a violation of 21 U.S.C. 841(a)(1). On appeal she argues that the district court erred in refusing to depart downward from the guidelines sentencing range pursuant to U.S.S.G. 5K1.1. After careful review of the parties' briefs and the entire record below, we find no error. Contrary to the defendant's assertion, the government had not promised, as a term of the defendant's plea agreement, to file a 5K1.1 motion for a downward departure from the guidelines. Although the motion filed by the government originally recommended departure for the defendant's substantial cooperation under 5K1.1 and 18 U.S.C. 3553, the government corrected the motion orally to reflect its actual intent to request only a departure from the statutory minimum sentence pursuant to 3553. As the filing of a U.S.S.G. 5K1.1 motion is discretionary with the government, United States v. Raineri, 42 F.3d 36, 44 (1st _________________________ Cir. 1994), cert. denied, 115 S.Ct. 2286 (1995), it was ____________ within the government's discretion to correct its motion from one seeking departure from both the statutory minimum and the guidelines to one seeking departure from the statute only. Absent a 5K1.1 motion, a binding obligation on the government to file such a motion, or a failure to file that is based on an impermissible motive, the district court -2- lacked authority to depart below the guideline range. See ___ Wade v. United States, 504 U.S. 181, 185-86 (1992). Because ______________________ the defendant could not show the existence of any of these factors, the district court properly held that it was without the power to depart from the guideline sentencing range pursuant to U.S.S.G. 5K1.1. Affirmed. See Loc. R. 27.1. ________ ___ -3-